UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| AMANDA WILSON, ) | |
| ) | |
| Plaintiff, ) | No. 16-cv-936 |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| CITY OF MT. VERNON, and ) | |
| MT. VERNON Police Officer ) | |
| T. CHAPMAN, Star 228, ) | Jury Demand |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Mt. Vernon, Illinois.

5. Defendant-Officer T. CHAPMAN ("Defendant CHAPMAN") is a duly appointed and sworn Mt. Vernon police officer. At all times relevant to this Complaint, Defendant CHAPMAN was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. Defendant CHAPMAN is sued in his individual capacity.

7. Defendant CITY OF MT. VERNON is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant CHAPMAN.

1

**Facts**

8. On or about January 9, 2016, Plaintiff got into a verbal argument with the mother of a child that was having issues with Plaintiff's son.

9. After the argument, Plaintiff walked home.

10. Upon information and belief, the police were called in regards to the argument.

11. Defendant CHAPMAN responded to the call and spoke with the mother that Plaintiff had argued with.

12. Defendant CHAPMAN then located Plaintiff and asked her about the argument.

13. Plaintiff admitted that she got into an argument with the woman.

14. Defendant CHAPMAN told Plaintiff that she was under arrest for disorderly conduct because of the argument.

15. Defendant CHAPMAN instructed Plaintiff to turn around to be handcuffed.

16. Plaintiff informed Defendant CHAPMAN that her arms cannot go behind her back because of shoulder surgery a month prior.

17. Defendant CHAPMAN ignored Plaintiff and violently grabbed her arms and forced them behind her back.

18. Plaintiff again told Defendant CHAPMAN that her arms cannot go behind her back.

19. Defendant CHAPMAN told Plaintiff to not resist him and he used additional force to pull her arms.

20. Plaintiff told Defendant CHAPMAN that she was not resisting but was in pain because he was forcing her arms behind her back.

21. After Plaintiff continued to complain of pain, Defendant CHAPMAN finally handcuffed Plaintiff in front instead of behind her back.

22. Defendant CHAPMAN had already injured Plaintiff's shoulder when he initially ignored her and yanked her hands behind her back.

23. Plaintiff was transported to the Jefferson County Jail and charged with disorderly conduct.

24. Plaintiff was never prosecuted for this charge.

25. Plaintiff was never charged with resisting arrest.

26. After the incident, Plaintiff sought medical treatment for the injury to her

shoulder.

27. Plaintiff had to undergo a second surgery on her shoulder as a result of the trauma caused by Defendant CHAPMAN.

28. As a direct and proximate result of the acts of Defendant CHAPMAN described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. 1983 – Excessive Force)

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendant CHAPMAN intentionally pulled Plaintiff's arms behind her back to handcuff her knowing that she had an injured shoulder, which caused Plaintiff extreme pain and suffering.

31. Defendant CHAPMAN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CHAPMAN,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

32. The acts of Defendant CHAPMAN described in the above claim were willful and wanton, and committed in the scope of employment.

33. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF MT. VERNON is liable for any judgments for compensatory damages in this case arising from Defendant CHAPMAN's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF MT.

VERNON to indemnify Defendant CHAPMAN for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

                                                Respectfully submitted,

                                                /s/ Louis J. Meyer
                                                *Counsel for the Plaintiff*

Louis J. Meyer
MEYER & KISS, LLC
311 West Stratford Drive
Peoria, Illinois 61614
t. 309.713.3751
f. 312.585.7803
e.louismeyer@meyerkiss.com